UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 24-3 |
| TODD F. MORRELL | SECTION A (1) |

## ORDER AND REASONS

On January 11, 2024, a federal grand jury sitting in the Eastern District of Louisiana charged Todd F. Morrell with twelve counts of wire fraud in violation of 18 U.S.C. § 1343. The charges stem from Morrell's former employment with the New Orleans Police Department (NOPD). Morrell was an officer with NOPD from October 1989 until his retirement on November 30, 2021. At times Morrell supplemented his income from NOPD by working various police details, including details with the New Orleans Fair Grounds Neighborhood Patrol (Fair Grounds Patrol). Morrell stands accused of submitting false time sheets and timecards for which he claimed to have been on duty for NOPD during periods when he was not present for duty, claimed to have worked the Fair Grounds Patrol during periods when he was not present for and did not work at the detail, and claimed to be working for NOPD and the Fair Grounds Patrol at the same time, thus "double-billing" both entities, all occurring between January 2017 and November 30, 2021. The twelve counts of wire fraud derive from Morrell's receipt of the allegedly fraudulent payments of compensation via electronic fund transfers into a Capital One bank account.

24-CR-3 *United States of America v. Todd F. Morrell*
Motion for Juror Questionnaire and Motion in Limine (Rec. Docs. 28 & 29)
Page 1 of 7

This matter is scheduled to be tried to a jury on December 9, 2024. (Rec. Doc. 21, Order).

The following motions are before the Court: **Motion for Juror Questionnaire (Rec. Doc. 29)** filed by the defendant, Todd F. Morrell; **Motion in Limine to Preclude Improper Evidence, Testimony, or Argument (Rec. Doc. 28)** filed by the Government. Responses to both motions have been filed by the opposing party.

**I.**

In anticipation of the trial scheduled to commence on December 9, 2024, Morrell moves the Court to issue a juror questionnaire in advance of jury selection. Morrell contends that a juror questionnaire would be helpful because the Government's investigation of Morrell has been the subject of significant media attention for many years, and in particular NOPD off-duty details have also been the subject of significant media attention and controversy, and three of Morrell's family members are well-known politicians in Orleans Parish. Morrell contends that a juror questionnaire would permit him to determine whether any prospective jurors should not serve on his case due to the extensive media coverage of his case, preconceived notions about NOPD, or feelings about his family members. A juror questionnaire would permit Morrell to determine whether any potential jurors have strong feelings about NOPD or the police in general that would impact their ability to serve on his case.

The Government's position is that a questionnaire is unnecessary, would be unduly costly, and would likely do more harm than good. While the Government agrees that the Court should take all steps necessary to ensure a fair and impartial jury, the Government disputes that using a written juror questionnaire is such a step. The

24-CR-3 *United States of America v. Todd F. Morrell*
Motion for Juror Questionnaire and Motion in Limine (Rec. Docs. 28 & 29)
Page 2 of 7

Government posits that utilizing a questionnaire would not assist in voir dire, would unduly prolong voir dire, and would actually tend to highlight immaterial aspects of the defendant, thereby making them greater issues in the trial.

The Sixth Amendment guarantees "the accused" the right to a trial "by an impartial jury." *United States v. Tsarnaev*, 595 U.S. 302, 312 (2022). A trial court protects the defendant's Sixth Amendment right by ensuring that jurors have "no bias or prejudice that would prevent them from returning a verdict according to the law and evidence." *Id.* (quoting *Connors v. United States*, 158 U.S. 408, 413 (1895)).

The district court's duty with respect to empaneling a jury is to conduct a thorough jury-selection process that allows the judge to evaluate whether each prospective juror is "to be believed when he says he has not formed an opinion about the case." *Id.* at 313 (quoting *Mu'Min v. Virginia*, 500 U.S. 415, 425 (1991)). But jury selection falls "particularly within the province of the trial judge." *Id.* (quoting *Skilling v. United States*, 561 U.S. 358, 386 (2010)). Therefore, the district court enjoys broad discretion in the manner in which the jury is selected, the manner in which voir dire is conducted, and the decision whether or not a juror questionnaire should be used. *See id.*

The Court is persuaded that the Government has the better position with respect to the use of a juror questionnaire in this case. While the defendant's arguments are well-taken, the Court is persuaded that any potential benefits of using a juror questionnaire in this case would be far outweighed by the negatives, such as unduly prolonging voir dire, and drawing more attention to the immaterial aspects of the defendant and this case. The Court is certain that a fair and impartial jury can be

24-CR-3 *United States of America v. Todd F. Morrell*
Motion for Juror Questionnaire and Motion in Limine (Rec. Docs. 28 & 29)
Page 3 of 7

empaneled in this case without the use of a juror questionnaire and that jury selection will proceed more efficiently without the use of a questionnaire. The **Motion for Juror Questionnaire (Rec. Doc. 29)** filed by the defendant, Todd F. Morrell is therefore **DENIED**.

## II.

The Government moves in limine to exclude evidence or argument at trial concerning the following:

**1.     Uncharged innocent acts and "good deeds"**

The Government contends that Morrell should not be allowed to present evidence of his good acts or history as a public servant. The Government posits that Morrell may attempt to argue or highlight, *inter alia*, (1) that he was a long-time law enforcement official, (2) that as a police officer, Morrell was devoted to "law and order" and responsible for the arrest of numerous individuals during his tenure, (3) that he was a public servant for many years, or (4) that he performed a valuable service for the City of New Orleans. The Government argues that this information is immaterial to the offenses with which Morrell has been charged and may improperly be relied upon to elicit sympathy from the jury.

In response, Morrell assures the Court that he will abide by the law on the admission of character evidence.[1] But Morrell contends that the Government is taking an overly broad view of character evidence because basic facts about his background,

---

[1] Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait. Fed. R. Evid. 404(a)(1).

24-CR-3 *United States of America v. Todd F. Morrell*
Motion for Juror Questionnaire and Motion in Limine (Rec. Docs. 28 & 29)
Page 4 of 7

*e.g.*, that he was a long-time law enforcement officer, are not character evidence, and he should be allowed to introduce himself to the jury.

The Court is persuaded that Morrell has the better position with respect to the use of certain aspects of his law enforcement career and background, much of which is alleged in the indictment anyway. Morrell will surely be able to introduce himself to the jury without crossing the line into inadmissible character evidence.[2]

### 2. That the Defendant's conduct should not be criminalized or prosecuted federally

Morrell has confirmed that he will not argue that "(1) his conduct, as a local official, is a state matter that should be considered by a state body (whether criminal or civil) following state law, (2) other legal entities have not yet sought charges or actions (whether criminal or civil) against Morrell for the conduct charged here, (3) he should not be prosecuted because he has already retired/resigned, or (4) Morrell's conduct was unworthy of prosecution because other NOPD or City of New Orleans officials have also submitted false and inaccurate timecards and time sheets."

Therefore, the Court considers this item to be moot.

### 3. That the instant prosecution is politically motivated

Morrell has confirmed that he does not intend to discuss the Government's charging decision at trial.

Therefore, the Court considers this item to be moot.

---

[2] The Court is not suggesting that Morrell must take the stand himself in order to admit certain aspects of his background.

24-CR-3 *United States of America v. Todd F. Morrell*
Motion for Juror Questionnaire and Motion in Limine (Rec. Docs. 28 & 29)
Page 5 of 7

**4.     Prior statements the Defendant made to witnesses or third parties**

The Government's concern with respect to this item is that Morrell may attempt to elicit from certain witnesses self-serving and exculpatory statements that he made to them, potentially in violation of the rule against hearsay.

Morrell assures the Court that he will comply with the rules against hearsay statements. But Morrell contends that it is simply premature at this time for the Court to exclude any of Morrell's statements "in any form." Morrell asks the Court to defer ruling until trial as to whether any given prior statement by Morrell (if any) are in fact subject to exclusion under controlling law.

Given that the Government has not identified any *specific* prior statement made by Morrell to any *specific* witness in this case, and given that the admissibility of any such statement is a fact-intensive inquiry, the Court agrees with Morrell's contention that this item is overly broad at this time and must be deferred to trial. <u>Counsel are admonished that they must ask to approach the bench before attempting to introduce any prior exculpatory statements that the defendant made to witnesses or third parties</u>.

**5.     Potential consequences of conviction**

Morrell has confirmed that he does not intend to present evidence about potential sentences or collateral penalties at trial.

The Court considers this item to be moot.

**6.     Jury nullification in all forms**

Morrell has confirmed that he does not intend to argue for jury nullification at trial.

The Court considers this item to be moot.

24-CR-3 *United States of America v. Todd F. Morrell*
Motion for Juror Questionnaire and Motion in Limine (Rec. Docs. 28 & 29)
Page 6 of 7

**7.    Impeachment of Government witnesses at trial through the use of reports authored by law enforcement agents**

Morell has confirmed that he does not intend to impeach witnesses with investigative reports or to suggest to the jury that an investigative report is a statement of the witness.[3]

The Court considers this item to be moot.

**8.    Blaming the victims for the Defendant's commission of fraud**

Morrell did not respond to this item in his opposition but the Court has no doubt that Morrell will not attempt to blame any victim for the crimes charged in the Indictment.

The motion in limine is granted as to this item.

In sum, the **Motion in Limine to Preclude Improper Evidence, Testimony, or Argument (Rec. Doc. 28)** filed by the Government is therefore **GRANTED IN PART AND DENIED IN PART**.

October 11, 2024

_____
Jay C. Zainey
United States District Judge
Eastern District of Louisiana

---

[3] In his response Morell adds that he is entitled to ask witnesses about their meetings with law enforcement, and that he *may* be able to use investigative reports in other ways consistent with the Rules of Evidence—both of these contentions are correct. But whether any given report may properly be used to refresh any given witness's recollection or for any other valid purpose will have to be determined on a case-by-case basis. <u>Counsel are admonished that they must ask to approach the bench before attempting to impeach any witness with a report authored by law enforcement.</u>

24-CR-3 *United States of America v. Todd F. Morrell*
Motion for Juror Questionnaire and Motion in Limine (Rec. Docs. 28 & 29)
Page 7 of 7